**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 07 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ENRIQUE MACIAS-VALENZUELA;
MARIA TERESA MACIAS,

Petitioners,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

Nos. 08-71319
08-74828

Agency Nos. A096-052-290
A096-052-291

MEMORANDUM[*]

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted February 15, 2011 [**]

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

In these consolidated petitions for review, Enrique Macias-Valenzuela and

Maria Teresa Macias, natives and citizens of Mexico, petition for review of the

Board of Immigration Appeals' ("BIA") orders dismissing their appeal from an

immigration judge's decision denying their applications for cancellation of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal, and denying their motion to reopen. We have jurisdiction under

8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to

reopen and review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d

785, 791-92 (9th Cir. 2005). We deny the petitions for review.

The BIA acted within its broad discretion in determining that the new

hardship evidence was insufficient to warrant reopening. *See Singh v. INS*, 295

F.3d 1037, 1039 (9th Cir. 2002) (The BIA's denial of a motion to reopen shall be

reversed only if it is "arbitrary, irrational, or contrary to law.").

The BIA also did not abuse its discretion in denying petitioners' motion to

reopen based on ineffective assistance of counsel because petitioners presented

insufficient evidence to establish prejudice. *See Mohammed*, 400 F.3d at 793

(petitioner must demonstrate prejudice to prevail on an ineffective assistance of

counsel claim).

Petitioners have waived any challenge to the BIA's February 28, 2008,

order. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996).

**PETITIONS FOR REVIEW DENIED.**